Filed 7/3/24  P. v. Dillard CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HARVEY LEE DILLARD,<br><br>    Defendant and Appellant. | H050900<br>(Monterey County<br>Super. Ct. No. MCR7685) |

In 1991, a jury convicted defendant Harvey Lee Dillard of two counts of first degree murder (Pen. Code, § 187)[1] and further found that Dillard personally used a firearm in committing both murders.  The trial court sentenced Dillard to concurrent terms of life without the possibility of parole as well as two consecutive two-year terms for the firearm enhancements.

Dillard now appeals following the denial of his petition for resentencing under former section 1170.95 (Stats. 2018, ch. 1015, § 4).[2]  He argues that the trial court erred by relying on the factual summary set forth in our prior opinion addressing his direct appeal from the judgment of conviction (*People v. Dillard* (Jun. 25, 1992, H008216)

---

[1] Unspecified statutory references are to the Penal Code.

[2] Section 1170.95 has been amended and renumbered as section 1172.6.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022; see also Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) We will henceforth refer only to section 1172.6.

[nonpub. opn.] (*Dillard*)) to deny his petition at the prima facie stage. We agree. We therefore reverse the trial court's order and remand for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

On August 8, 1990, the Monterey County District Attorney filed an amended information which charged Dillard with two counts of murder (§ 187, counts 1, 2), further alleged that Dillard personally used a firearm in committing the two murders (§ 12022.5), and alleged that the two murders qualified as a special circumstance under section 190.2, subdivision (a)(3).

The jury convicted Dillard on both counts of murder in 1991, and further found that both murders were in the first degree. The jury also found true the special allegation that Dillard personally used a firearm in committing the murders and that the multiple–murder special circumstance applied to both murders. Dillard was sentenced to concurrent terms of life without the possibility of parole, plus consecutive two-year terms on the two firearm enhancements.

As relevant to this appeal, this court in *Dillard*, *supra*, H008216 [nonpub. opn.], found several errors,[4] but concluded those errors were harmless. (*Ibid*.) The court determined that "[t]here was a very strong case of circumstantial evidence" supporting

---

[3] We consider the opinion from Dillard's direct appeal only insofar as it establishes the procedural history of the case (see § 1172.6, subd. (d)(3)), but we will not rely on the opinion's factual summary. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*).) In accordance with Cal. Rules of Court, former rule 10.1028(d), the record from Dillard's direct appeal was destroyed in 2013 and, in connection with the instant appeal, the trial court certified that it has no record of the jury instructions given at Dillard's trial.

[4] Specifically, this court found error in "defense counsel's failure to bring an in limine motion to exclude evidence of defendant's gun possession and use; the trial court's erroneous exclusion of [a witness]'s testimony that defendant had never confessed the murders to him; and the trial court's failure to instruct the jury on the believability of a witness." (*Dillard*, *supra*, H008216.)

2

Dillard's convictions and it was not "reasonably probable that the jury would have reached a different result in the absence of error. (Cal. Const. art. VI, § 13.)" (*Dillard*, *supra*, (Jun. 25, 1992, H008216) [nonpub. opn.].) After setting aside one of the two findings that Dillard committed multiple murders, this court affirmed the judgment. (*Ibid*.)

In 2022, Dillard petitioned for resentencing under section 1172.6. In his petition, Dillard included a verification stating that the prosecution was allowed "to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," he was convicted of murder following a trial, and he "could not presently be convicted of murder" under current California law.

The prosecution opposed Dillard's petition, stating that the record of conviction, specifically "the facts recounted" in *Dillard*, *supra*, H008216, establish that Dillard "was the actual killer of both" victims. In his reply, Dillard objected to the trial court considering the factual summary from *Dillard* in evaluating whether to issue an order to show cause on his petition. Dillard noted that section 1172.6, subdivision (d)(3) states that, even at an evidentiary hearing on a petition for resentencing, the court may rely on "the procedural history of the case recited in any prior appellate opinion," but not its summary of the facts.

The trial court denied Dillard's petition without an evidentiary hearing. It found Dillard did not qualify for relief as a matter of law because "the record of conviction conclusively establishes that petitioner was the actual killer and that the jury found him to be liable as a direct perpetrator and not on any other impermissible theory of

3

liability. [¶] At trial, the sole theory relied upon by the prosecution was the petitioner, motivated by jealousy, killed both victims."[5]

Dillard timely appealed.

## II. DISCUSSION

### A. Applicable legal principles and standard of review

Effective January 1, 2019, Senate Bill No. 1437 (2017−2018 Reg. Sess.) "amend[ed] the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To that end, the bill amended section 188, subdivision (a)(3), which now requires that all principals must act with express or implied malice to be convicted of the crime of murder, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2.) A felony murder conviction under section 189, subdivision (e), as amended by Senate Bill No. 1437, requires that the defendant be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

---

[5] By separate order dated August 24, 2023, we directed the trial court to "settle the record by identifying each of the specific items in the 'record of conviction' within the trial court's 'file,' which items the court took 'judicial notice' of, considered, and relied upon" in denying Dillard's petition for resentencing. In response, the trial court filed an augmented clerk's transcript containing a document entitled "Out of Court Entries by Clerk" which stated that "[t]he court took judicial notice of the Sixth District Court of Appeal unpublished decision filed June 25, 1992, appellate case number H008216. The Opinion is attached as Exhibit #1 to the People's Opposition to Petition for Resentencing Pursuant to Penal Code section 1172.6, filed December 2, 2022."

In addition to the amendments to sections 188 and 189 described above, Senate Bill No. 1437 added section 1170.95 (since renumbered as 1172.6). (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) As relevant here, section 1172.6 allows a person convicted of murder under prior law to petition the court to vacate their conviction and be resentenced on any remaining counts. (§ 1172.6, subd. (a).) All of the following conditions must apply to warrant section 1172.6 relief: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; "(2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder"; and "(3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) Section 1172.6, subdivision (c), requires the court to appoint counsel for all properly pleaded petitions, and then conduct a prima facie analysis, with briefing by the parties, as to the petitioner's eligibility before determining whether to issue an order to show cause.

If the petition presents a prima facie showing of entitlement to relief, the court issues an order to show cause. (§ 1172.6, subd. (c).) The California Supreme Court has confirmed that "the trial court may look at the record of conviction … to determine whether a petitioner has made a prima facie case for section [1172.6] relief," but cautioned that "the prima facie inquiry … is limited." (*People v. Lewis* (2021) 11 Cal. 5th 952, 971 (*Lewis*).) The Court explained that the inquiry is similar to that employed in evaluating petitions for writs of habeas corpus, in that " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so,

5

the court must issue an order to show cause." ' [Citation.]" (*Ibid*.) However, the " 'court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]" (*Ibid*.) In those circumstances where " 'the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Ibid*.)

The Court acknowledged that appellate opinions are "generally considered to be part of the record of conviction[,] [citation]" and directed that "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief." (*Lewis*, *supra*, 11 Cal.5th at p. 972.) However, the Court cautioned that "the probative value of an appellate opinion is case specific[.]" (*Ibid*.) The bar for establishing a prima facie claim for relief is very low, and "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Ibid*.) "We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage. [Citation.]" (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

### B. The trial court erred by engaging in factfinding at the prima facie stage

Dillard argues that the trial court, by relying on the factual summary set forth in *Dillard*, *supra*, H008216, improperly engaged in factfinding and that the court should have instead issued an order to show cause and set the matter for an evidentiary hearing. We agree.

In denying Dillard's petition, the court found, based on the prior opinion's factual summary, that he did not qualify for relief as a matter of law because "[t]he record of conviction conclusively establishes that petitioner was the actual killer and that the jury found him to be liable as a direct perpetrator and not on any other impermissible theory

6

of liability. [¶] At trial, the sole theory relied upon by the prosecution was the petitioner, motivated by jealousy, killed both victims."

As the California Supreme Court has made clear, however, the prima facie inquiry under section 1172.6 is limited, and "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) As noted above, the bar for establishing a prima facie claim for relief is very low. (See *Lewis,* at pp. 971–972.) Here, in relying on the factual summary set forth in our prior unpublished opinion, the trial court engaged in impermissible factfinding concerning the underlying offenses. Nothing in the record considered by the trial court establishes *as a matter of law* that Dillard was ineligible for relief. The current record, which does not include for example, the jury instructions or the reporter's transcripts from the trial, means the trial court could only speculate about what legal theories were presented to the jury. Likewise, the court's finding that Dillard was the "actual killer" rests on the type of factfinding in which a trial court may not engage at the prima facie stage.

The factual summary in an appellate opinion cannot "establish, [as a matter of law,] a petitioner's ineligibility for resentencing at the prima facie stage." (*Flores, supra*, 76 Cal.App.5th at p. 988, fn. omitted; see also *People v. Lee* (2023) 95 Cal.App.5th 1164, 1183–1184 ["After Senate Bill No. 775 . . . 'the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing.' [Citations.] By logical extension, the factual summary also may not be used to determine a petitioner's eligibility at the prima facie stage. [Citation.]"].)[6]

<hr />

[6] The Attorney General argues that *Flores*, *supra*, and other similar decisions, were wrongly decided. In the Attorney General's view, "[t]he plain language of section 1172.6, subdivision (d)(3), indicates that the limitation applicable to the appellate opinion applies at the *evidentiary* hearing stage of the proceedings." (Italics added.) Because

7

For the first time on appeal, the Attorney General suggests that, even if the trial court erred in relying on the factual summary from Dillard, we should nevertheless affirm the trial court's order because the preliminary hearing transcript also "demonstrates that [Dillard] was the sole and actual killer." Courts of Appeal are divided on the extent to which a trial court may rely on the preliminary hearing transcript to deny a petition at the prima facie showing stage. (Cf. *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166–1168, with *Flores, supra*, 76 Cal.App.5th at pp. 988–992; see also *People v. Davenport* (2021) 71 Cal.App.5th 476, 481–484.) The Supreme Court is currently reviewing whether a court engages in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny a petition under section 1172.6 at the prima facie stage. (*People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670.)

Here, as the Attorney General acknowledges, the trial court did not rely on the preliminary hearing transcript in finding Dillard was ineligible for relief under section 1172.6. Our review of that transcript shows that it consists entirely of witness testimony and documentary evidence offered by the prosecution; neither the district attorney nor defense counsel presented any argument whatsoever regarding the theory or theories by which Dillard could be found liable for murder. Even if we were to rely on the

there is no such limitation in section 1172.6, subdivision (c), which discusses the evaluation of whether the petition states a prima facie claim for relief, it is, according to the Attorney General, improper to read the prohibition from subdivision (d)(3) into subdivision (c). We are not persuaded. It defies logic to say a trial court cannot rely on a prior opinion's statement of facts in an evidentiary hearing, at which the court is tasked with deciding issues of fact and making credibility determinations, but simultaneously allow the trial court to rely on the factual summary at the prima facie stage, a stage at which our Supreme Court has expressly directed trial courts to "*not* engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972, italics added.)

preliminary hearing transcript, it does not show that Dillard is ineligible for relief under section 1172.6 as a matter of law.

Therefore, any determination at the prima facie stage that relies on the preliminary hearing record to find that Dillard was the actual killer would also impermissibly constitute " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972.)  As a result, we will reverse the trial court's February 3, 2023 order and remand the matter with directions to issue an order to show cause and hold further proceedings under section 1172.6.  We express no opinion on whether Dillard's section 1172.6 petition should be granted or denied following further proceedings.

### III.    DISPOSITION

The order denying Dillard's Penal Code section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause and to conduct further proceedings as required under Penal Code section 1172.6, subdivision (d).

_____
WILSON, J.


WE CONCUR:




_____
GREENWOOD, P. J.




_____
BAMATTRE-MANOUKIAN, J.




H050900
*The People v. Dillard*